## Sellers v. Sharon Chrysler-Plymouth, Inc. (No. 2)

*Cyril I. Garvey,* for plaintiffs.

*P. Raymond Bartholomew* and *W. Allen Dill,* for defendants.

STRANAHAN, P. J., October 9, 1970.—This court has been quite concerned with the matter now before it for the reason that the subject involved is new and the law is in a stage of development. The basic question involved here is one concerning what must appear in pleadings in cases dealing with the question of absolute liability that are brought either under section 402(A) of the Restatement 2d, Torts, or are brought in assumpsit under the theory of breach of an implied warranty.

Since Webb v. Zern, 422 Pa. 424 (1966), the case which adopted 402(A) as Pennsylvania law, there has been considerable change and development in the field of absolute liability. With this by way of background, plaintiffs in the present case filed a complaint in assumpsit in which they alleged they had purchased a 1970 Chrysler four-door automobile on October 7,

1969, from Sharon Chrysler-Plymouth, Inc., and that this automobile was manufactured by Chrysler Motors Corporation and sold to Sharon Chrysler-Plymouth, Inc., for ultimate resale to a consumer.

The complaint alleges that the automobile had a defect in it at the time of manufacture and at the time of its sale and delivery to plaintiffs, which defect caused an electrical fire when one of the plaintiffs attempted to start the car on December 1, 1969.

The complaint further alleges that plaintiff driver turned on the ignition and started the car, and immediately thereafter smoke appeared from under the dashboard, whereupon she turned off the ignition, got out of the car and went into her house to call the garage. A short time thereafter the car was engulfed in flames and the car was demolished.

Defendants filed a preliminary objection asking for a more specific pleading, averring that plaintiff was required to allege in his complaint what the defect was, and further that plaintiff failed to allege in what manner the defect caused the fire.

This court wrote an opinion and entered an order on June 29, 1970, sustaining the preliminary objection, directing that plaintiffs file an amended pleading, alleging what the specific defect was that they relied upon.

It was the court's position that MacDougall v. Ford Motor Company, 214 Pa. Superior Ct. 384, was a case dealing with evidence rather than pleadings, and that the impact of that case was to permit proof of a defect to be established by showing the malfunction which, in turn, would be circumstantial evidence of the defect.

Counsel for plaintiffs then filed an amended pleading in which it was alleged that the exact nature of the defect was unknown to plaintiffs, but that plain-

tiffs believe that the fire originated in the wiring in or near the fuse block.

A second preliminary objection in the nature of a demurrer has now been filed. The basis of the demurrer is that since the complaint did not set forth what the specific defect was, and since plaintiffs admit that they do not know the specific defect, plaintiffs have failed to state a cause of action.

Plaintiffs have persisted in their position that the court was in error in sustaining the original preliminary objection, and that plaintiffs' pleading was adequate before it was amended and is still adequate.

The issue that this court must now decide is what allegations must be contained in a pleading where plaintiffs do not know the exact nature of the defect, but merely know that there was a malfunction which caused damage.

In an article appearing in the Pennsylvania Bar Association Quarterly of March 1970, entitled "Annual Survey of Legal Developments, 1969 Developments in Pennsylvania Tort Law," by Laurence H. Eldredge, the author makes the following observation based on the holdings of the MacDougall and Greco[1] cases:

"Once the plaintiff has introduced competent evidence from which the trier of fact can reasonably find (1) a mechanical malfunction occurred, (2) it caused the plaintiff harm, and (3) there had not been any prior 'abnormal use' of the product the plaintiff is past a compulsory nonsuit."

In the Greco case, page 982, the court states, in discussing the distinction between the law of negligence and the law of warranty, the following:

"In contradistinction to the law of negligence, the law of warranty assigns liability on the basis of the

---

[1] Greco v. Bucciconi Engineering Company, 283 F. Supp. 978.

product's lack of fitness. When machinery 'malfunctions,' it obviously lacks fitness regardless of the cause of the malfunction. Under the theory of warranty, the 'sin' is the lack of fitness as evidenced by the malfunction itself rather than some specific dereliction by the manufacturer in constructing or designing the machinery.

"As the substance of strict liability in tort is akin to that of the law of warranty, the evidentiary requirements to establish breach of warranty rather than those to prove negligence should prevail in an action in strict liability in tort."

In applying this concept to the present situation, it would appear that this court was incorrect in its initial ruling that plaintiff must allege in his complaint the specific defect which he believes caused the malfunction. Instead, this court should have ruled that plaintiff need only allege the malfunction which he relies upon. We adopt the language of MacDougall v. Ford Motor Company, supra, page 389, where the court states: "Proof of the specific defect in construction or design causing a mechanical malfunction is not an essential element in establishing breach of warranty."

As the court further points out, when machinery malfunctions it obviously lacks fitness regardless of the cause of the malfunction.

We therefore hold that plaintiffs' amended complaint is adequate and we overrule the preliminary objections filed by the Chrysler Motors Corporation.

### ORDER

And now, October 9, 1970, the preliminary objections filed in this case are overruled.